Tilghman C. J.
John Reed became bound to the United Stales in a bond for the payment of duties, as surety for Samuel Emory the' principal in the said bond. This bond was dated 26th July, 1796. On 22d December, 1798, Reed paid the debt to the United States, after which Emory became a bankrupt. The question is, whether Reed can support this action against the bankrupt ? By the. act of congress, 4th August, 1790, in all cases of insolvency, debts due to the United States on bonds for duties, shall be first satisfied. By the act 2d May, 1792, (2 L. U. S. 78,) if the principal in any bond to the United States for duties shall be insolvent, and the surety in such bond shall pay to the United States the money due thereon, such surety shall have and enjoy “ the like advantage, priority, and preference,for the recovery a and receipt of the said money out of the effects of such insol- “ vent principal,” as are reserved and secured to the United States by the act 4th August, 1790. Upon the faith of this law the plaintiff became surety for the defendant, and paid the debt due to the United States, and he had a right to expect that, in. case of the future insolvency of the defendant, he should stand in the place of the United States, so far as to be entitled to priority in payment out of the estate of the defendant. Accordingly we find that such priority is preserved to the surety, in the bankrupt law which was afterwards passed on the 4th April, 1800. It was so decided by this *341 Court, in the case of Champneys v. Lyle, 1 Binn. 327. But the plaintiff is not content with that priority. He contends that, inasmuch as the United States would not be barred of their action by the bankrupt law, so neither shall he be, standing, as he alleges that he does, in all respects in the place of the United States. In this, however, I cannot agree with him. His pretension is founded solely on the act of 2d May, 1792, and that act gives no other advantage, preference, or priority, than what arises out of payment from the estate of the bankrupt. A very great advantage, certainly, that was, and sufficient to encourge persons to become surety in custom-house bonds. This preference the plaintiff is entitled to, but in all other respects he stands on the footing of a common creditor. Of course, like other creditors, he is barred of his action for a debt due before the bankruptcy. I am therefore of opinion, that judgment should be entered for the defendant.
Ye ates J.
The preference given to sureties in customhouse bonds is limited by section 18th of the act of congress, of 2d May, 1792, to cases wherein the principal is insolvent, or where dead, to his estate and effects in the hands of his executors or administrators, where the same shall be insufficient to pay the debts of such principal. It takes effect on the funds in the hands of assignees or of personal representatives, but proceeds no further. The bankrupt law of the United States of 4th April, 1800, discharges the bankrupt from all debts, upon his obtaining a certificate of conformity; but the 2d section declares, that nothing in that act shall affect the right of preference to prior satisfaction of debts due to the United States, as secured or provided by any law theretofore passed. I see nothing herein, or in any other act of congress, which gives a personal remedy by an individual against a bankrupt, although he had become his surety in a bond for duties to the United States; but he is left precisely in the same state as other creditors. I am therefore of opinion, that the defendant’s certificate of conformity is a bar to the remedy of the plaintiff in this action, and that judgment be rendered for the defendant.
Br.ackenr.idge J. was of the same opinion.
Judgment for the defendant.